JUNE TERM,
1838.

Lewis v. Lewis.

MILDRED D. LEWIS v. SAMUEL LEWIS.

Petitioner for a divorce charged, that her husband had offered her such "personal indignities" as rendered her condition intolerable. Held, that charges of infidelity made by the husband without any just cause, were such personal indignities as the statute contemplated, and good grounds for a divorce.

APPEAL from the circuit court of St. Louis county.

*J. B. Bowlin,* counsel for appellant:

There is but one question in this cause, and that is, whether the statute on divorces contemplates any other cruel treatment or indignities than such as arise from blows and cuffs? I contend that it does. That a continued and systematic course of cruelty and insult, to produce a moral degradation of the wife, is as completely within 'the meaning of the statute as the infliction of personal abuse—see Revised Code, p. 225.

TOMPKINS, Judge, delivered the opinion of the court.

The appellant, Mildred D. Lewis, filed her bill in the circuit court, praying a divorce from the bonds of matrimony contracted with the defendant.

The bill states that the defendant, fourteen days after his intermarriage with her, commenced treating her with, and did offer her great indignities, and from that time till he left the county of St. Louis, (being about two months,) did offer such indignities to the person of the petitioner as did render her condition intolerable; that said Lewis, after a continued series of indignities offered to her person, rendering her condition intolerable, has placed all his property in the hands of one George Lewis and others, with the fraudulent intention of depriving, &c. She charges, that these indignities to her person and reputation were offered without good cause, and that the said Samuel Lewis, without good cause, has abandoned the petitioner, and neglects to maintain her and provide for her, &c.

The defendant came in and answered, admitting the marriage, but denying all the other allegations made against him.

It was proved, on the part of the plaintiff, that she was intermarried with the defendant about the 19th day of May, 1836, and that shortly after the said marriage, she left her father's house and went to live with the defendant at his house, which was a short distance from her

father's house, and that she had lived with him not more than a month when he charged her with infidelity in having illicit intercourse with one Martin, who had been a laborer on his farm; that she left her said husband's and went to her father's; that the defendant acknowledged to several of the witnesses that he had misconducted himself towards her, and had wronged her by his accusation of infidelity; that if the witnesses would aid him in inducing her to forgive him and to return to his house, he would make reparation for the injuries he had done her; that at the solicitation of friends, as well as at said Lewis's solicitation, she did return after an absence of four or five days; that she remained with him two weeks and again left him; that two of the witnesses went with the complainant to get her goods; that her husband, in her presence and in that of the witnesses, declared he had no longer any doubt of her infidelity, and that she had illicit intercourse with the laborer above mentioned; that the defendant, in presence of the said witnesses, made against her several charges of illicit intercourse with the said Martin, and declared her to be guilty; that she denied it, and returned to her father's house, he having told her she might go when he charged her with guilt; that the complainant's character was fair and unsullied until this attack upon it by her husband; that at the time these things happened, she was about eighteen years old; that the defendant was between thirty-five and forty years old; was a neighbor of plaintiff's father, and well known to him, and bore a good character before this transaction occurred; that he shortly after left the country, and had been gone about one year, and was believed to be in Clay county in this State; that the witnesses were near neighbors of Lewis, and had never seen Martin about his house, and do not believe there is any truth in the charges made by Lewis against his wife; that they live in the neighborhood of her father, and know her and her father well. On motion of the defendant's counsel, the bill was dismissed.

Had the defendant demurred to the bill, the demurrer might probably have been well sustained, because the facts against which the defendant was required to produce evidence, were not alleged. The charge made is, that he offered such indignities to her person as rendered her condition intolerable. This is one of the causes for divorce set out in the statute; he has answered, denying the allegation, and it is well proved that he did offer such indignities. The charge made by her husband is as well calcu-

Petitioner for a divorce charged, that her husband had offered her such "personal indignities" as rendered her condition intolerable. Held, that charges of infidelity made by the husband without any

JUNE TERM,
1838.

lated to render the life of a young and virtuous wife intolerable, as any other that could be made. He does not deny it, but by moving to dismiss the bill admits its truth. The complainant proves for herself a good character, and goes as far to disprove the charge made against her by her husband as she could be expected. For these reasons it seems to me that the circuit court committed error in dismissing the plaintiff's bill, and such too being the opinion of the rest of the court, its decree dismissing the plaintiff's bill is reversed, and this cause is remanded.